10-4962-ag
Jiang v. Holder

BIA
Schoppert, IJ
A098 929 344

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand twelve.

PRESENT:

>       JOSÉ A. CABRANES,
>       DEBRA ANN LIVINGSTON,
>       GERARD E. LYNCH,
>            *Circuit Judges.*

_____

XINYU JIANG,
       *Petitioner,*

       v.                                    10-4962-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Thomas B. Fatouros, Senior
                         Litigation Counsel; Lynda A. Do,
                         Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xinyu Jiang, a native and citizen of the People's Republic of China, seeks review of a November 19, 2010, order of the BIA affirming the December 30, 2008, decision of Immigration Judge ("IJ") Douglas Schoppert, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xinyu Jiang*, No. A098 929 344 (B.I.A. Nov. 19, 2010), *aff'g* No. A098 929 344 (Immig. Ct. N.Y. City Dec. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Jiang does not challenge the agency's denial of either asylum or CAT

relief, the only issue before us is whether the agency erred in denying Jiang's application for withholding of removal based on its adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For applications such as Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The IJ reasonably based his adverse credibility determination on Jiang's evasive demeanor, the inconsistencies and implausibilities in his testimony, and the lack of convincing corroborative evidence. As the IJ noted, Jiang testified that he first attended an underground Christian church activity in December 1995, but later

3

indicated that his first church activity was in December 1997. Jiang further testified that he lived with his current roommate for eight years in the United States, yet later stated that he did not know his roommate's name or whereabouts and that the roommate had moved out of the apartment. Moreover, despite his assertion that he fled China because he feared persecution, Jiang waited eight years to file an asylum application. Contrary to Jiang's position, the IJ properly relied on the inconsistencies, and the implausibility of the eight year delay in filing, to find him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (holding that the agency could rely on "*any* inconsistency," regardless of whether it was minor or collateral, as considered with the totality of the circumstances, in making an adverse credibility determination). The IJ's adverse credibility finding is further supported by his observation that Jiang was evasive and seemed to give memorized answers. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The IJ also reasonably relied on Jiang's failure to submit corroborating evidence and sufficiently identified the missing evidence as affidavits from other church members

4

or his roommate to confirm that he practiced Christianity in the United States. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) (the agency may rely on an applicant's failure to provide convincing corroborating evidence in making an adverse credibility determination). Additionally, the agency also reasonably declined to credit the affidavits allegedly written by Jiang's father and friend due to the striking similarities between the affidavits' structure, word usage, and level of detail. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion). Similarly, the IJ reasonably gave little weight to the affidavit from Jiang's church in the United States because it did not confirm Jiang's attendance prior to 2006. *See Xiao Ji Chen*, 471 F.3d at 342. Contrary to Jiang's argument, the IJ sufficiently addressed the evidence, as he explicitly mentioned it in his ruling. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74, 275 (2d Cir. 2006) (the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration

5

to the petition, and made adequate findings" (internal quotation marks omitted)); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Given the inconsistent testimony, demeanor finding, and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk